<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-1906**

———————

JAMES J. ROWE, and; SHARON H. ROWE,

        Plaintiffs – Appellants,

     v.

AURORA COMMERCIAL CORP., f/k/a Aurora Loan Services, Inc.,
a Delaware Corporation; NATIONSTAR MORTGAGE, LLC, a Texas
Limited Liability Company,

        Defendants – Appellees,

     and

CITIBANK, N.A.; LEHAM XS TRUST MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-6,

        Defendants.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley. David A. Faber, Senior
District Judge. (5:13-cv-21369)

———————

Submitted: January 29, 2015      Decided: April 7, 2015

———————

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

L. Lee Javins, II, Guy R. Bucci, Mark A. Barney, BUCCI, BAILEY &
JAVINS, LC, Charleston, West Virginia, for Appellants. John C.

Lynch, Jason E. Manning, TROUTMAN SANDERS LLP, Virginia Beach, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants James and Sharon Rowe appeal from the district court's order dismissing their civil action contesting the terms related to a note of obligation on their real property in South Carolina against the loan servicers. The Rowes also appeal the district court's determination in the same order that granting the Rowes leave to amend their complaint to add additional claims would be futile because the claims were barred or did not state a claim. The Rowes argue that the district court erred in: (1) finding that they did not state a claim for actual fraud; (2) not sufficiently ruling on their constructive fraud claim; (3) denying leave to amend to add a claim under the South Carolina Consumer Protection Code for unconscionable conduct; and (4) finding that it would be futile to assert claims against the creditor under the Truth in Lending Act because the statute of limitations had run and there were insufficient or inapplicable circumstances of equitable tolling. We affirm.

We review the grant of a motion to dismiss for failure to state a claim de novo. Weidman v. Exxon Mobil Corp., __ F.3d __, 2015 WL 103954, *4 (4th Cir. Jan. 8, 2015) (No. 13-2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570); see also Francis v. Giacomelli, 588 F.3d 186, 192 n.1 (4th Cir. 2009) (noting that the Conley v. Gibson, 355 U.S. 41, 45-56 (1957), standard was explicitly overruled in Twombly, 550 U.S. at 562-63)).

"On appeal from a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), we review the district court's factual findings with respect to jurisdiction for clear error and the legal conclusion that flows therefrom de novo." In re KBR, Inc., Burn Pit Litig., 744 F.3d 326, 333 (4th Cir. 2014) (citation and internal quotations omitted), cert. denied, 2015 WL 231968 (U.S. Jan. 20, 2015) (No. 13-1241). "On review of a Rule 12(b)(6) dismissal, we consider a case de novo," evaluating "whether the complaint states a claim to relief that is plausible on its face." United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency, 745 F.3d 131, 136 (4th Cir. 2014) (citations and internal quotations omitted). "Generally, we review a district court's denial of a motion for leave to amend for abuse of discretion," "[b]ut where, as here, the district court denied such a motion on grounds of futility,

4

we employ the same standard that would apply to our review of a motion to dismiss." United States ex rel. Ahumada v. NISH, 756 F.3d 268, 274 (4th Cir. 2014) (citations and internal quotations omitted).

We have carefully reviewed the briefs and record before us and, with the appropriate standards of review in mind, conclude that the district court did not err in granting the motion to dismiss the contested claims and denying leave to amend the complaint as to the claims the Rowes unsuccessfully sought to add. Rowe v. Aurora Commercial Corp., No. 5:13-cv-21369 (S.D. W. Va. Aug. 1, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED